Carmen TORRES, Plaintiff,

v.

**AIRBORNE FREIGHT CORPORATION and Donald Smith, Defendants.**

**No. 81 C 2037.**

United States District Court, E. D. New York.

Dec. 23, 1981.

Frank X. Kilgannon, Mineola, N.Y., for plaintiff.

Finley, Kumble, Wagner, Heine, Underberg & Casey by Ronald Kreismann, New York City, for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff commenced this action in New York State court to recover damages from her employer, Airborne Freight Corporation, for alleged breaches of the collective bargaining agreement in effect between Airborne and her union, Local Union 851, International Brotherhood of Teamsters, and from defendant Donald Smith for "malicious prosecution" in instituting the assertedly unlawful disciplinary proceeding which resulted in her 30-day suspension. Before answer defendants removed the action to this Court, basing jurisdiction on section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). They have now moved for summary judgment dismissing the action on the ground that plaintiff's exclusive remedy for breaches of the collective bargaining agreement is the final and binding grievance and arbitration procedure the agreement provides, which has not been fully pursued with respect to either of her contract claims. For the reasons that follow the motion is granted.

From the affidavits and exhibits of record the following material facts appear undisputed. The collective bargaining agreement governing plaintiff's employment at Airborne provided in section 12(E)(2) that an employee who did not return to work upon termination of a leave of absence, or provide a satisfactory reason within three days of a failure to return "shall be considered as having severed his employment."

Since plaintiff did not return to work until May 4, 1981, more than three days after the scheduled April 29, 1981 end of a nine-day leave of absence spent with her children in Majorca, Spain, Smith informed plaintiff the company had decided to take disciplinary action. Under section 12(E)(2) plaintiff could have been discharged. Plaintiff complains, however, that she was kept from a timely return by unexpected circumstances—the crush of Spanish May Day holiday makers preempted all flights from Majorca to Madrid to New York, over her airline industry standby tickets—and that she thought she had done everything necessary to obtain authorization through her husband, who had remained in New York and explained the problem over the telephone to the Customer Service Department manager, Pete Conelias.

At plaintiff's request, her union filed a grievance with respect to the proposed disciplinary action, which the union pursued to the second stage of the grievance process described more fully below. At that stage, which provides for settlement between the union's business representative and the company's plant superintendent or other designees, the union and company representatives agreed to imposition of the 30-day suspension plaintiff asserts was a breach of contract. Plaintiff asserts the disciplinary action resulted from Smith's vindictive attitude towards her, which is also reflected in his alleged refusal to withdraw certain letters from her personnel file in purported violation of section 19(L) of the collective bargaining agreement.

Under the contract negotiated by the union on plaintiff's behalf, disputes remaining unresolved after five days at the second stage were submitted for resolution to a grievance board. If the board remained deadlocked on the grievance, it was then to be submitted to final and binding arbitration. Furthermore, it is beyond dispute that in establishing a grievance mechanism the collective bargaining agreement stated that "there shall be no ... legal proceedings without *first* using *all* possible means of a settlement as provided in this agree-

ment, of *any* controversy" (emphasis added), and that any dispute about "the meaning, import and application of or compliance with" any provision of the agreement *"shall be settled"* (emphasis added) in the manner described.

There is also no dispute that plaintiff's grievance about the disciplinary action has not progressed beyond Step 2, and that she has never filed a grievance with respect to her other breach of contract claim, the alleged wrongful retention of records in her personnel file.

In these circumstances, it is plain that the action must be dismissed. The policy of the federal labor law is that before instituting court proceedings against an employer for breach of a collective bargaining agreement, the aggrieved employee "must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress," *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965), where that procedure, as in the present case, is made exclusive. Here, there is no showing that plaintiff has attempted anything beyond the second step with respect to any of her grievances.

Furthermore, while aggrieved employees, union members, may litigate unexhausted grievances against their employer where their union has breached its duty fairly to represent them in the grievance process, see *Hines v. Anchor Motor Freight Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 184–86, 87 S.Ct. 903, 913–14, 17 L.Ed.2d 842 (1967), plaintiff has made no such showing here, or even that she ever sought to have her suspension grievance submitted to Step 3. Whether her union will now accept a request to submit the grievance to Step 3 is a matter for the union to determine in the first instance, and we accordingly decline plaintiff's invitation in her proposed amended complaint to remand the case for submission to the Board.

The remaining claim against defendant Smith for "malicious prosecution" based on his apparent participation in the internal disciplinary proceedings is plainly frivolous, since there are lacking all the elements necessary to establish such a claim. See Restatement of the Law, Torts, § 653.

In accordance with the foregoing the action is hereby dismissed. Judgment will be entered accordingly.

SO ORDERED.